**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| AYMAN KAMEL | |
| *Plaintiff,* | **DEMAND FOR JURY TRIAL** |
| v. | Case No.: |
| FIVE CHURCHES BREWING LLC d/b/a FIVE CHURCHES BREWING, FIVE CHURCHES BY THE BAY LLC d/b/a FIVE CHURCHES BY THE BAY, PETER LEMNOTIS, PHILIP LEMNOTIS | |
| *Defendants.* | |

## COMPLAINT

Plaintiff Ayman Kamel ("Plaintiff"), by and through his undersigned counsel, alleges as follows against defendants Five Churches Brewing LLC d/b/a Five Churches Brewing ("Five Churches Brewing), Five Churches by the Bay LLC ("Five Churches BTB"), Peter Lemnotis, and Philip Lemnotis (collectively, "Defendants"):

## NATURE OF ACTION

1.     This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; for use of deceptive acts and practices in the conduct of business, trade, or commerce in violation of the Connecticut Unfair Trade Practices Act ("CUTPA") and Conn. Gen. Stat., § 42-110a *et seq.*; and for unfair competition and dilution under Connecticut common law, as more fully described below.

2.     This action seeks damages and injunctive relief to halt Defendants' willful trademark infringement, unfair competition, and dilution, occurring and causing harm to Plaintiff in this District and elsewhere.

## BACKGROUND

3.      For over 11 years, Plaintiff has offered high quality restaurant services under the 5CHURCH® and 5 FIVE CHURCH RESTAURANT & Design® marks to his loyal and always growing customer base.

4.      Federal trademark registrations were issued for the marks 5CHURCH® (U.S. Reg. No. 4,727,278) and 5 FIVE CHURCH RESTAURANT & Design® (Reg. No. 4,742,794), in April and May of 2015, respectively, for restaurant services in Class 43 (collectively, the Plaintiff's marks are referred to as the "5CHURCH® Marks"). True and correct copies of the registration certificates for the 5CHURCH® Marks are attached hereto as **Exhibit A**.

5.      Plaintiff has made longstanding, continuous, and substantially exclusive use of the 5CHURCH® Marks, which consumers have come to associate with Plaintiff, and which Plaintiff has dedicated significant resources to protect.

6.      Plaintiff has current expansion plans and has taken concrete steps to open restaurants under the 5CHURCH® Marks on the northern east coast.

7.      Plaintiff recently became aware that Defendants are marketing, selling, and providing to consumers, under the confusingly similar marks: FIVE CHURCHES BREWING and the associated design mark 5 CHURCHES BREWING & Design, FIVE CHURCHES BY THE BAY and the associated design mark FIVE CHURCHES BY THE BAY & Design, and the design mark 5 FIVE CHURCHES BY THE BAY & Design (collectively the "Infringing Marks")

2

for services that are identical to the Plaintiff's services offered under the 5CHURCH® Marks (the "Infringing Services").

8.      Despite Plaintiff's prior rights in the 5CHURCH® Marks, on June 27, 2022, Defendant Five Churches Brewing filed U.S. Trademark Application No. 97/476,623 (the "Application") with the USPTO for the confusingly similar mark FIVE CHURCHES BREWING for "taproom services featuring craft beer, beer brewed on premises" in Class 43. A true and correct copy of the Application is attached hereto as **Exhibit B**.

9.      On April 13, 2023, the USPTO issued an Office Action for the Application. The Office Action refused registration of the Application based on a likelihood of confusion with Plaintiff's prior registered 5CHURCH® mark. The Office Action stated: "Applicant's mark FIVE CHURCHES BREWING is confusingly similar to the registered mark 5CHURCH because FIVE CHURCHES is the plural of the phonetic equivalent of 5CHURCH." In relevant part, the Office Action further stated that the mark FIVE CHURCHES BREWING is "essentially identical in sound, appearance, meaning, and commercial impression" to the Plaintiff's 5CHURCH mark, and therefore is likely to cause confusion, and further noting that "the addition of the highly descriptive/generic disclaimed term BREWING" is not "sufficient to differentiate the parties' marks. Furthermore, the Office Action stated that "taprooms that are also restaurants establishes that the same entity commonly provides the relevant services and markets the services under the same mark, the relevant services are sold or provided through the same trade channels and used by the same classes of consumers in the same fields of use, and the services are similar or

3

complementary in terms of purpose or function" and therefore the parties' services are related. A true and correct copy of the Office Action is attached hereto as **Exhibit C**.

10.    On May 11, 2023, the Plaintiff sent a demand letter to Defendant Five Churches Brewing demanding that it abandon the Application and stop using the confusingly similar marks FIVE CHURCHES BREWING and 5 CHURCHES BREWING & Design (the "Five Churches Brewing Marks").

11.    In response to the demand letter, on June 21, 2023, Defendant Five Churches Brewing's counsel sent an email (the "Email") to the Plaintiff's counsel stating that Five Churches Brewing would agree to abandon the Application but stating that Five Churches Brewing would not agree to stop using the Five Churches Brewing Marks.

12.    On June 28, 2023, Plaintiff's counsel responded, advising that Defendant Five Churches Brewing's continued use of the confusingly similar Five Churches Brewing Marks constitutes infringement and reiterating his demand that Defendant Five Churches Brewing stop using the Five Churches Brewing Marks.

13.    Between June and November of 2023, Plaintiff repeatedly asked Defendant Five Churches Brewing, through his counsel, to stop using the confusingly similar Five Churches Brewing Marks. Despite these requests, and in disregard of Plaintiff's prior rights in the 5CHURCH® Marks, Defendant Five Churches Brewing brazenly continued using the Five Churches Brewing Marks for restaurant, dining, and brewery services, which directly overlap with Plaintiff's services.

4

14.     Despite Plaintiff's demand letter, and repeated demands to cease using the Five Churches Brewing Marks, Plaintiff recently became aware the Defendant Five Churches BTB opened a new restaurant using the confusing similar marks FIVE CHURCHES BY THE BAY and its design mark 5 FIVE CHURCHES BY THE BAY & Design for services that are identical to the Plaintiff's services. The opening of this new restaurant is in blatant disregard of Plaintiff's notice to Defendants of Plaintiff's prior trademark rights and constitutes willful infringement.

## **PARTIES**

15.     Plaintiff is an individual residing in the State of Georgia.

16.     Upon information and belief, Defendant Five Churches Brewing is a limited liability company organized under the laws of the State of Connecticut with a business address at 193 Arch Street, New Britain, Connecticut, 06051.

17.     Upon information and belief, Defendant Five Churches BTB is a limited liability company organized under the laws of the State of Connecticut with a business address at 193 Arch Street, New Britain, Connecticut, 06051, the same business address as Defendant Five Churches Brewing.

18.     Upon information and belief, Defendant Peter Lemnotis, is an individual residing in the state of Connecticut and is the "Managing Member" of Defendant Five Churches Brewing and Defendant Five Churches Brewing BTB.

19.     Upon information and belief, Defendant Philip Lemnotis, is an individual residing in the state of Connecticut and is a Co-Founder and Partner of Defendant Five Churches Brewing.

The LinkedIn page for Defendant Philip Lemnotis stating that he is a Co-Founder and Partner of Defendant Five Churches Brewing is attached hereto as **Exhibit D**.

20.      Upon information and belief, Defendant Five Churches BTB is an affiliate of Defendant Five Churches Brewing, and both are controlled, owned, and/or managed, in whole or in part by individual Defendant Peter Lemnotis and/or Defendant Philip Lemnotis.

## JURISDICTION AND VENUE

21.      This case is a civil action arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court has subject matter jurisdiction over the claims in this Complaint that relate to trademark infringement and unfair competition pursuant to 15 U.S.C. §§ 1114, 1121, 1125(a), 28 U.S.C. §§ 1331, 1338, 1367, and principles of supplemental jurisdiction.

22.      This Court has supplemental jurisdiction and venue is proper over the claims in this complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

23.      This Court has personal jurisdiction and venue is proper over Defendant Five Church Brewing. Five Church Brewing is a limited liability company organized and doing business in the State of Connecticut. Five Church Brewing is operating the restaurant Five Churches Brewing located in New Britain, Connecticut and resides in this District. Five Churches Brewing uses and displays in Connecticut the Five Churches Brewing Marks on its social media pages                at                 www.facebook.com/FiveChurchesBrewing                 and

6

www.instagram.com/fivechurchesbrewing/.  Screenshots of Defendant Five Churches Brewing's social media pages depicting the infringing marks are attached hereto as **Exhibit E**. Also, Defendant Five Churches Brewing uses the Five Churches Brewing Marks on its website at https://www.fivechurchesbrewing.com. A screenshot of Defendant Five Churches Brewing's website showing the infringing marks attached hereto as **Exhibit F.** Further, Five Churches Brewing displays the infringing marks FIVE CHURCHES BREWING and 5 CHURCHES BREWING & Design on signate outside its restaurant as shown below:



24.     This Court has personal jurisdiction and venue is proper over Defendant Five Churches BTB. Five Churches BTB is a limited liability company organized and doing business in the State of Connecticut. Defendant Five Churches BTB is operating the restaurant Five Churches by the Bay located in Niantic, Connecticut and resides in this District. Defendant Five Churches BTB uses and displays in Connecticut the infringing marks FIVE CHURCHES BY THE BAY, 5 Design mark, and 5 CHURCHES BY THE BAY & Design on its social media pages at https://www.facebook.com/FiveChurchesByTheBay/                                     and

https://www.instagram.com/fivechurchesbythebay/. Screenshots of Defendant Five Churches BTB's social media pages depicting the infringing marks are attached hereto as **Exhibit G.**

25.     This Court has personal jurisdiction and venue is proper over Defendant Peter Lemnotis. Peter Lemnotis, upon information and belief, resides in Connecticut. Also, as the Managing Member of Defendant Five Churches Brewing and Defendant Five Churches BTB, Peter Lemnotis transacts substantial business in the state out of which the claims herein arise. Defendant Peter Lemnotis is also subject to jurisdiction under CGS 52-59b(a)(2) because, upon information and belief, he personally and through his ownership, control, and/or management of Defendant Five Church Brewing and Defendant Five Churches BTB, has directed and caused the infringing marks at issue in this action to be used in this state in a manner likely to cause confusion with Plaintiff, as hereinabove alleged.

26.     This Court has personal jurisdiction and venue is proper over Defendant Philip Lemnotis. Upon information and belief, Defendant Philip Lemnotis resides in Connecticut. Also, as the owner of Defendant Five Churches Brewing, Philip Lemnotis, transacts substantial business in the state out of which the claims herein arise. Defendant Philip Lemnotis is also subject to jurisdiction under CGS 52-59b(a)(2) because, upon information and belief, he personally and through his ownership, control, and management of Defendant Five Church Brewing, has directed and caused the infringing marks at issue in this action to be used in this state in a manner likely to cause confusion with Plaintiff, as hereinabove alleged.

27.     In sum, all Defendants are, directly or through Defendant Five Churches Brewing and/or Defendant Five Churches BTB, regularly doing and soliciting business in Connecticut, all have purposefully directed their business efforts into Connecticut, and all have committed the tortious acts of trademark infringement and unfair competition in the state. These activities meet the minimum contacts and reasonableness due process standard for this Court to exercise personal jurisdiction over them in the state of Connecticut.

28.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants' acts are causing confusion of the public and injury to Plaintiff, or a likelihood of such confusion and injury within this District, and a substantial part of the events giving rise to the claims occurred and continue to occur in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### I.     Plaintiff and His Successful 5CHURCH® Restaurants

29.     Plaintiff is the owner of the popular 5Church and 5Church Buckhead restaurants, which provides fresh, seasonally changing American cuisine and hand-crafted cocktails in his two locations in the Midtown and Buckhead neighborhoods, respectively, of Atlanta, Georgia.

30.     The mark 5CHURCH for use with restaurant services is distinctive and arbitrary.

31.     Plaintiff owns U.S. Trademark Registration No. 4,727,278 for the mark 5CHURCH in standard characters for "Restaurant services" in International Class 43 (the "Services" or "5CHURCH® Services"), having a date of first use of April 2012, being registered on April 28, 2015, and becoming incontestable on October 7, 2020.

32.     Plaintiff also owns U.S. Trademark Registration No. 4,742,794 for 5 FIVE CHURCH RESTAURANT & design (the "5CHURCH® Design Mark") as depicted below, for "restaurant services" in International Class 43, having a date of first use of April 2012, being registered on May 26, 2015, and becoming incontestable on September 11, 2021.



(collectively, the "5CHURCH® Marks").

33.     Since at least as early as 2012, Plaintiff has been promoting, marketing, and providing restaurant services under the 5CHURCH® Marks to patrons from throughout the country.

34.     The 5Church Restaurants have also been featured in various nationwide publications and have overwhelmingly positive consumer reviews. Printouts from *Thrillist* (https://www.thrillist.com/eat/atlanta/best-easter-brunch-atlanta), *Jezebel Magazine* (https://jezebelmagazine.com/5church-buckhead), and *FSR Magazine* (https://www.fsrmagazine.com/industry-news/5church-atlanta-names-james-beard-winner-rj-cooper-executive-chef/) are attached hereto as **Exhibit H.**

10

35.     As a result, consumers have come to recognize the 5CHURCH® Marks as being associated with Plaintiff's high-quality Services.

36.     Because of Plaintiff's widespread and continuous use of the 5CHURCH® Marks in connection with the Services, Plaintiff has obtained tremendous goodwill in the 5CHURCH® Marks, and the 5CHURCH® Marks have developed a strong, nationwide reputation.

37.     Plaintiff has plans and has taken concrete steps to continue to expand use of 5CHURCH® Marks, including actual and concrete plans to open new restaurant locations on the northern east coast.

## II.     <u>Defendants and Their Use of the Infringing Marks</u>

38.     Defendant Five Churches Brewing is a restaurant and brewery in New Britain, Connecticut.

39.     Upon information and belief, on or about March 30, 2018, Defendant Five Churches Brewing adopted the infringing Five Churches Brewing Marks as well as the 5 & Design mark as shown below and began using them in connection with the Infringing Services.

 

11

40.     The Five Churches Brewing Marks are nearly identical to Plaintiff's 5CHURCH®

Marks in sight, sound, and commercial impression.

41.     Concerning the literal elements of the respective marks, the Five Churches Brewing

Marks are nearly identical to Plaintiff's 5CHURCH® Marks. Indeed, both parties' marks consist

of the dominant terms "FIVE" or "5" and then followed by "CHURCH" or "CHURCHES",

thereby having the same commercial impression.

42.     Defendant Five Churches Brewing use of the 5 & Design mark (alone and with the

words FIVE CHURCHES BREWING) is almost identical in stylization to the "5" in Plaintiff's

5CHURCH® Design Mark, as depicted below:

Infringing 5 Marks:        

5CHURCH® Design Mark:        

43.     Indeed, the parties' marks both consist of the number "5" with the bottom of the

"5" curled inwards. The 5's are also both in bolded font and appear apart from the literal word

elements of the marks. In the parties' marks, the words "FIVE" and "CHURCH"/" CHURCHES"

appear on separate lines, one on top of the other. And the descriptive terms "BREWING" and

12

"RESTAURANTS" appear alone, on the bottom line, in a different font and stylization than the other fonts appearing in the marks.

44.     The Infringing Services offered by Defendant Five Churches Brewing under the infringing Five Churches Brewing Marks are also identical to the Services offered by the Plaintiff under the 5CHURCH® Marks. Indeed, both parties offer restaurant services, including the provision of food and non-alcoholic/alcoholic beverages.

45.     As stated above, Defendant Five Churches Brewing's use of the Five Churches Brewing Marks on its website and social media accounts and on various materials, such as beer glasses and apparel, infringes the Plaintiff's 5CHURCH® Marks.

46.     Also, as stated above, Defendant Five Churches BTB's use of the FIVE CHURCHES BY THE BAY and 5 CHURCHES BY THE BAY & Design on its social media pages infringes the Plaintiff's 5CHURCH® Marks.

47.     Upon information and belief, Defendant Five Church Brewing and Defendant Five Churches BTB uses the same channels of trade as Plaintiff and target the same class of consumers, all targeting restaurant-goers and individuals who enjoy alcoholic beverages with their meals.

48.     Consumers are likely to be confused about the origins of Defendant Five Churches Brewing's and Five Churches BTB's services.

49.     Indeed, on its website, Defendant Five Churches Brewing refers to "joining the Five Churches family." Consumers are likely to confuse this statement as referring to the two locations of popular 5Church restaurants marketed under the Plaintiff's 5CHURCH® Marks. A screenshot

13

of the Defendant's Five Churches Brewing website at https://fivechurchesbrewing.com/about/ showing this statement is attached hereto as **Exhibit I**.

50.     Upon information and belief, Defendant Five Churches Brewing and Defendant Five Churches BTB were aware of Plaintiff's 5CHURCH® Marks before they adopted their use of the Infringing Marks.

51.     A standard trademark clearance search by the Defendants would have revealed the existence of Plaintiff's 5CHURCH® Marks.

52.     Despite being notified of the likelihood of confusion with the 5CHURCH® Marks, Defendant Five Churches Brewing did not stop using the Five Churches Brewing Marks.

53.     As noted above, on May 11, 2023, Plaintiff through counsel, sent a demand letter to Defendant Five Churches Brewing reminding it of Plaintiff's trademark rights in his 5CHURCH® Marks,

54.     On June 21, 2023, Defendant Five Churches Brewing, through its counsel, responded substantively to the demand letter but stated that Defendant Five Churches Brewing would not stop using the Five Churches Brewing Marks.

55.     After Defendant Five Churches Brewing received the Plaintiff's demand letter, it allowed the Application to abandon on July 28, 2023.

56.     Despite numerous written demands to cease using the infringing Five Churches Brewing Marks, Defendant Five Churches Brewing continued to brazenly and willfully infringe on Plaintiff's trademark rights.

14

57.     At no time during the parties' written exchanges, did Defendant Five Churches Brewing advise the Plaintiff that it opened a new restaurant under more confusingly similar marks, namely, FIVE CHURCHES BY THE BAY and 5 CHURCHES BY THE BAY & Design.

58.     To date, Defendant Five Churches Brewing and Defendant Five Churches BTB continue to use the Infringing Marks in connection with their restaurant services, trading off the tremendous goodwill and reputation associated with Plaintiff's 5CHURCH® Marks.

59.     Given that the 5CHURCH® Marks and the Infringing Marks are nearly identical, have identical commercial impressions, and are used in connection with identical services that are offered to an identical class of consumers, it is beyond likely that consumers will mistakenly believe that Defendants' services are licensed by, sponsored by, or affiliated with Plaintiff's 5CHURCH® Marks and the 5Church restaurants.

60.     Defendant Five Churches Brewing's and Defendant Five Churches BTB's adoption of the Infringing Marks, despite the widespread Internet presence of the 5Church restaurants and after notice of Plaintiff's rights in the 5CHURCH® Marks, constitutes willful trademark infringement.

## COUNT I
## Federal Trademark Infringement
## 15 U.S.C. §§ 1114

61.     Plaintiff repeats and realleges, by reference, the allegations in Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

15

62.    Plaintiff owns all right, title, and interest in and to U.S. Reg. No. 4,727,278 for 5CHURCH® and U.S. Reg. No. 4,742,7945 for FIVE CHURCH RESTAURANT & Design®.

63.    The 5CHURCH® Marks are distinctive and strong marks.

64.    Plaintiff has used his 5CHURCH® Marks in connection with restaurant and bar services since at least as early as 2012, and by virtue of his U.S. Trademark Registrations for the 5CHURCH® Marks, the Plaintiff enjoys nationwide trademark rights and priority in his 5CHURCH® Marks.

65.    Defendant Five Churches Brewing began using the Five Churches Marks in 2018, which is after the Plaintiff started using the 5CHURCH® Marks.

66.    Likewise, Defendant Five Churches BTB began using the marks FIVE CHURCHES BY THE BAY and 5 CHURCHES BY THE BAY & Design in 2022, which is after the Plaintiff started using the 5CHURCH® Marks.

67.    Plaintiff has actual and concrete plans to expand into the northern east coast.

68.    Defendants' use in commerce and without Plaintiff's permission of the Infringing Marks for restaurant and bar services, which are identical to Plaintiff's Services, is likely to cause confusion or mistake as to the origin, affiliation, connection, or association of Defendants' services.

69.    Defendants' trademark infringement has been willful and deliberate, designed specifically to trade upon Plaintiff's goodwill in the 5CHURCH® Marks.

16

70.     Because of the Defendant's willful and deliberate trademark infringement, Plaintiff has suffered monetary damages to be calculated by a jury.

71.     Given Defendants' disregard of the demand letter and willful continuing infringement, and despite knowing of Plaintiff's prior rights in the 5CHURCH® Marks, Defendants' trademark infringement will likely continue unless enjoined by this Court.

72.     The consumer goodwill in the 5CHURCH® Marks is of enormous value to Plaintiff, and the Plaintiff has suffered and will continue to suffer irreparable harm if Defendants' trademark infringement is permitted to continue.

73.     Accordingly, Plaintiff is entitled to permanent injunctive relief against Defendants' use of the Infringing Marks in connection with restaurant, bar, and brewery services, as well as all other remedies available under the Lanham Act, including, but not limited to compensatory damages, treble damages, disgorgement of profits, costs, and attorney's fees.

## COUNT II
## Federal Unfair Competition
## 15 U.S.C. § 1125

74.     Plaintiff repeats and realleges, by reference, the allegations in Paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75.     The 5CHURCH® Marks are distinctive and strong marks.

76.     Plaintiff owns all right, title, and interest in and to the 5CHURCH® Marks.

77.     Plaintiff has used his 5CHURCH® Marks in connection with restaurant and bar services since at least as early as 2012.

78.     Defendant Five Churches Brewing began using the Five Churches Marks in 2018, which is after the Plaintiff started using the 5CHURCH® Marks.

79.     Likewise, Defendant Five Churches BTB began using the marks FIVE CHURCHES BY THE BAY and 5 CHURCHES BY THE BAY & Design in 2022, which is after the Plaintiff started using the 5CHURCH® Marks.

80.     Defendants' use in commerce and without Plaintiff's permission of the Infringing Marks for restaurant and bar services, which are identical to Plaintiff's Services, is likely to cause confusion or mistake as to the origin, affiliation, connection, or association of Defendants' services.

81.     Plaintiff has actual and concrete plans to expand into the northern east coast.

82.     Defendants' trademark infringement has been willful and deliberate, designed specifically to trade upon Plaintiff's goodwill in the 5CHURCH® Marks.

83.     Because of the Defendant's willful and deliberate trademark infringement, Plaintiff has suffered monetary damages to be calculated by a jury.

84.     Given Defendants' disregard of the demand letter and willful continuing infringement, and despite knowing of Plaintiff's prior rights in the 5CHURCH® Marks, Defendants' trademark infringement will likely continue unless enjoined by this Court.

18

85.     The consumer goodwill in the 5CHURCH® Marks is of enormous value to Plaintiff, and the Plaintiff has suffered and will continue to suffer irreparable harm if Defendants' trademark infringement is permitted to continue.

86.     Accordingly, Plaintiff is entitled to permanent injunctive relief against Defendants' use of the Infringing Marks in connection with restaurant, bar, and brewery services, as well as all other remedies available under the Lanham Act, including, but not limited to compensatory damages, treble damages, disgorgement of profits, costs, and attorney's fees.

### COUNT III
### Violation of the Connecticut Unfair Trade Practices Act
### Conn. Gen. Stat. § 42-110b

87.     Plaintiff repeats and realleges, by reference, the allegations in Paragraphs 1 through 86 of this Complaint as if fully set forth herein.

88.     Defendants' foregoing acts and practices were done in conduct of Defendants' primary trade and commerce of advertising and rendering restaurant, bar, and brewery services.

89.     Defendants' foregoing acts and practices constitute unfair competition and unfair and deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b(a).

90.     At all times relevant hereto, Defendants' acts and practices offended public policy; were immoral, oppressive, unethical, and unscrupulous; and/or caused substantial injury to consumers, competitors, and other businesspersons.

91.     Defendants' conduct was carried out in an intentional and wanton violation of Plaintiff's rights or was done with reckless indifference to those rights.

19

92.     Plaintiff has suffered and will continue to suffer ascertainable loss and substantial money damages because of Defendants' acts and unless this Court enjoins the actions of Defendants, will continue to suffer, irreparable and immediate injury for which Plaintiff has no adequate remedy at law.

**COUNT IV**
**Common Law Trademark Infringement**
**and Unfair Competition**

93.     Plaintiff repeats and realleges, by reference, the allegations in Paragraphs 1 through 92 of this Complaint as if fully set forth herein.

94.     Plaintiff owns all right, title, and interest in and to the 5CHURCH® Marks.

95.     The 5CHURCH® Marks are distinctive and strong marks.

96.     Plaintiff has consistently used the 5CHURCH® Marks and marketed the Services under the 5CHURCH® Marks since at least as early as 2012.

97.     Plaintiff has actual and concrete plans to expand into the northern east coast.

98.     The 5CHURCH® Marks have accumulated tremendous goodwill due to Plaintiff having expended substantial time, resources, and effort to develop and maintain a formidable reputation in the marketplace.

99.     Consumers readily identify the 5CHURCH® Marks as being associated exclusively with Plaintiff and Plaintiff's Services.

100.    Defendants' use of the Infringing Marks with restaurant and bar services in Connecticut, which are identical to the Plaintiff's Services under his 5CHURCH® Mark, is likely to and is calculated to cause confusion or mistake as to the origin, affiliation, connection, or association of Defendants' Infringing Services under the Infringing Marks.

101.    Defendants' use of the Infringing Marks harms Plaintiff.

102.    Defendants use of the Infringing Marks constitutes trademark infringement and unfair competition under the common law of the State of Connecticut.

103.    Plaintiff is entitled to permanent injunctive relief against Defendants' use of the Infringing Marks in connection with restaurant, bar, and brewery services, as well as all other remedies available under the laws of the State of Connecticut.

## JURY DEMAND

104.    Plaintiff respectfully demands a trial by jury for all issues and claims so triable in this civil action.

## RELIEF REQUESTED

105.    WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in his favor and grant Plaintiff the following relief:

a.   Permanently enjoin and restrain Defendants from:

21

     i.   using the Infringing Marks or any other marks that are confusingly similar to the Plaintiff's 5CHURCH® Marks in the U.S. in connection with the Plaintiff's Services and any other goods or services related thereto; and

    ii.   committing any other acts calculated or likely to cause confusion or mistake in the mind of the public or trade that the Infringing Marks and/or Defendants' Services are associated with the Plaintiff;

b.  Direct Defendants' and their affiliates, assigns, licensees, and related entities to remove all forms of advertisements, including websites, social media, and promotional materials in their possession, custody, or control bearing the Infringing Marks, or any other word, mark, or name, which is confusingly similar to the 5CHURCH® Marks, or which is likely to cause confusion or mistake or to deceive, and that Defendants will be enjoined from creating, purchasing, or acquiring such materials in the future and using them on a website, social media site, or any other promotional materials;

c.  Direct Defendants to never use any false designation of origin, false representation, or any false or misleading description of fact, which is likely to lead the consuming public or individual member thereof, to believe that any of the goods or services produced, offered, promoted, marketed, advertised, provided, sold or otherwise distributed by the enjoined parties in any manner

22

associated or connected with the Plaintiff or are licensed, approved, or authorized in any way by the Plaintiff;

d.  Require Defendants to transfer the *www.fivechurchesbrewery.com* domain to the Plaintiff;

e.  Require Defendants, under 15 U.S.C. § 1117, to account to the Plaintiff for any and all profits derived by it, and for all damages sustained by Plaintiff by reason of Defendants' acts complained herein;

f.  Impose treble damages against the Defendants for their willful trademark infringement of the 5CHURCH® Marks under 15 U.S.C. § 1117;

g.  Award Plaintiff reasonable attorney's fees, costs, and disbursements incurred on account of this civil action; and

h.  Award such other further relief as the Court may deem just and proper.

Respectfully submitted this 30th day of January 2024.

/s/ William E. Bradley
William E. Bradley, Bar No. CT30205
Robinson & Cole LLP
1201 Pennsylvania Avenue NW, Suite 820
Washington, DC 20004
wbradley@rc.com
Tel. 771-213-5602
Fax.  860-275-8299

/s/ John H. Mutchler
John H. Mutchler, Bar No. CT26856
Robinson & Cole LLP

23

280 Trumbull Street
Hartford, CT 06103
jmutchler@rc.com
Tel. 860-275-8222
Fax. 860-275-8299

/s/ Alex J. Aron
Alex J. Aron, Esq. (*pro hac vice pending*)
Georgia Bar No. 162408
alex@vividip.com
Marcy Sperry, Esq.  (*pro hac vice pending*)
Georgia Bar No. 455561
marcy@vividip.com
Jóna N. Mays, Esq.  (*pro hac vice pending*)
Georgia Bar No. 382980
jona@vividip.com
Sperry IP Law LLC, d/b/a Vivid IP
3017 Bolling Way, NE
Atlanta, Georgia 30305
(404) 474-1600

*Counsel for Plaintiff*